UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LORNA RENEE CLOW,                          §
                                           §
        *Plaintiff*,                       §
                                           §
v.                                         §        CIVIL ACTION H-14-2703
                                           §
LOURDES ROE *and*                          §
SHERATON HOTEL,                            §
                                           §
        *Defendants*.                      §

**ORDER**

Pending before the court is defendant Sheraton Hotel's motion for summary judgment on

plaintiff Lorna Clow's employment discrimination claim. Dkt. 10. Also pending is Sheraton Hotel's

motion to strike the letters (Dkts. 11, 12) filed by two persons who worked at the hotel in question

at some point. Dkt. 13. After considering the motions, the lack of response, and the applicable law,

the court is of the opinion that the motion for summary judgment should be GRANTED, and the

motion to strike should be DENIED as moot.

Plaintiff used to work for defendant as a hotel housekeeper.[1] Dkts. 1, 10. According to

Sheraton Hotel and as indicated in plaintiff's complaint, plaintiff had filed a race discrimination

complaint with the EEOC regarding the alleged racial discrimination against plaintiff by defendants,

and had received a right to sue letter on August 13, 2014. Dkt. 1. Sheraton Hotel explains that it

terminated plaintiff on September 16, 2014 for violating several company policies, including

cleaning a guest room before it was released to cleaned, and not returning a guest's wedding band

via the proper procedure and wearing the band until confronted about its whereabouts. Dkt. 10 at

---

[1] Plaintiff's complaint was completed with a form and does not contain many details, therefore, the court will pull from defendant's motion to fill in relevant details as needed.

2. On September 17, 2014 plaintiff filed this employment discrimination complaint alleging that the defendant had discriminated against her since February 2013 by lying about her work history, sabotaging her work, harassing her, and interfering with her work, which ultimately resulted in her termination.  Dkt. 1 at 2.  After filing this complaint, plaintiff had summons issued to both defendants, but only the summons to Sheraton Hotel was returned as executed.  Dkt. 7.  On July 16, 2015, Sheraton Hotel filed the pending motion for summary judgment on the basis that 1) plaintiff failed to exhaust her remedies because her termination was not a part of her EEOC charge, and 2) even if the case was properly before the court, defendant had a legitimate, non-discriminatory reason for terminating the plaintiff.  Plaintiff did not respond to the motion for summary judgment.

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986).  If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial.  Fed. R. Civ. P. 56(e).  The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

Also relevant is Southern District of Texas Local Rule 7.4 which states that "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4.

A Title VII race discrimination case can be proven with direct or circumstantial evidence. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007).  Claims without direct

evidence are analyzed under the *McDonnel Douglas* framework.  *Id.*  First, a plaintiff must present

a *prima facie* case of discrimination.  *Id.*  If successful, the burden shifts to the employer to "rebut

a presumption of discrimination by articulating a legitimate, nondiscriminatory reason for adverse

employment action."  *Id.*  Then, "If the employer meets its burden, then it shifts back to the plaintiff

to present substantial evidence that the employer's reason was pretext for discrimination."  *Id.*  "If

the plaintiff can show that the proffered explanation is merely pretextual, that showing, when

coupled with the prima facie case, will usually be sufficient to survive summary judgment."  *Id.*

Even assuming that the plaintiff had exhausted her administrative remedies and had pled a

prima facie case of Title VII race discrimination, Sheraton Hotels articulated a legitimate,

nondiscriminatory reason for firing the plaintiff: she violated several company policies.  Dkt. 10 at

9.  At this point, the burden shifted back to plaintiff to show that the proffered explanation was

merely pretextual.  Plaintiff did not respond to Sheraton Hotel's motion, which is a sign that she is

not opposed to the motion.  However, even if the court assumes plaintiff is still opposed to the

motion, she did not submit substantial evidence that the defendant's reason was pre-textual.

Accordingly, plaintiff has not met her burden and the motion for summary judgment is GRANTED.

Because summary judgment has been granted on the claim before the court, the court need not

consider the motion to strike the letters submitted at Dkts. 11, 12.  Therefore, the motion to strike

is DENIED as moot.

It is so ORDERED.

Signed at Houston, Texas on August 24, 2015.

_____
Gray H. Miller
United States District Judge